### Z. S. SPAULDING ET AL. V. S. H. ALLEN ET AL.

HEIRS MAY PROSECUTE ERROR THOUGH NOT PARTIES TO JUDGMENT.

The provisions of sec. 6098, Rev. Stat., authorizing the heirs of a deceased person, in an action against the administrator on a claim against the estate of such deceased person, "to make any defense to such action which such administrator or executor could make," carries with it the right to institute and carry on proceedings in error.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The motion to dismiss the petition in error in this case is overruled.

Suit was brought by Allen and others, trustees, against the administrator of the estate of R. P. Spaulding, deceased, upon a promissory note indorsed by the decedent.

The administrator had allowed the claim as valid. The heirs at law of the decedent, in pursuance of the provisions of sec. 6098, Rev. Stat., after proper proceedings in the probate court, filed an answer to the petition setting up defenses to the claim. The result, upon trial, was favorable to the plaintiffs and judgment was rendered for plaintiffs against the administrator.

The plaintiffs in error are the heirs at law who made the defense; they are not parties to the judgment.

We hold that the provisions of the statute which authorize the heirs in such action "to make any defense to such action which such administrator or executor could make," necessarily carries with it the right to test the regularity of the proceedings in the trial court, in the same manner as the administrator or executor could do, and this includes the right to institute and carry on proceedings in error.

Suppose the court had overruled a demurrer filed by these heirs to the petition, and had been clearly wrong, or had sustained a demurrer to their answer and had been clearly wrong, to hold that the heirs might not proceed in error to have such wrong righted would cut them off from that which the statute clearly gives them, viz.: "To make any"— every — "defense to such action which such administrator or executor could make."

*Burke* and *Ingersolls*, for plaintiffs in error.

*Burton & Dake*, for defendants in error.